## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## FORT MYERS DIVISION

| | |
|---|---|
| **PATRICIA KNIGHT**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**U.S. WATER SERVICES CORPORATION**, a Florida company,<br><br>Defendant. | **CIVIL ACTION**<br><br>**Case No.  2:19-cv-501**<br><br>**Judge:**<br><br>**Mag. Judge:** |

## COMPLAINT AND DEMAND FOR JURY TRIAL

**NOW COMES** the Plaintiff, **PATRICIA KNIGHT** ("**KNIGHT**"), by and through undersigned counsel, and states the following for her Complaint:

## CAUSES OF ACTION

1.     This is an action brought under the Family & Medical Leave Act (FMLA) for (1) interference in violation of the FMLA, and (2) retaliation in violation of the FMLA.

## PARTIES

2.     The Plaintiff, **PATRICIA KNIGHT** ("**KNIGHT**") is an individual and a resident of Florida who at all material times resided in Lee County, Florida and was employed by **U.S. WATER SERVICES CORPORATION** ("**U.S. WATER**" or "Defendant").

3.     Defendant, **U.S. WATER** is a Florida company that employed **KNIGHT** in Lee County, Florida.

4.     **U.S. WATER** employs in excess of 50 employees and is an employer under the FMLA.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction of this matter under 28 U.S.C. §1331.

6.      Venue is proper in the United States District Court for the Middle District of Florida because the Plaintiff resides in, and the Defendant conducts business in, and some or all of the events giving rise to Plaintiff's claims occurred in Lee County, Florida, which is within the Middle District of Florida. Venue is proper in the Fort Myers Division under Local Rule 1.02(b)(5) since Lee County is within the Fort Myers Division.

## GENERAL ALLEGATIONS

7.      **KNIGHT** began her employment with the Defendant in July 2017 and was employed as a customer service representative.

8.      **KNIGHT** always performed her assigned duties in a professional manner and was very well qualified for her position despite her serious health condition/disability.

9.      **KNIGHT** is a cancer survivor.

10.     **KNIGHT** received great performance reviews from the Defendant's managers until she required medical leave to care for her serious health condition/disability.

11.     In or about January 2019, **KNIGHT** discovered that her cancer had returned and also that she suffered from Type 2 diabetes.

12.     **KNIGHT** promptly disclosed these diagnoses to her supervisor.

13.     **KNIGHT** then requested medical leave to care for her diabetes for three consecutive days: February 12, 13 and 14, 2019.

14.     On February 14, 2019, the Defendant requested **KNIGHT** supply a doctor's note to return to work, which **KNIGHT** did and which she provided to the Defendant.

15.     On February 15, 2019, the Defendant terminated **KNIGHT**.

16.     The Defendant disciplined and terminated **KNIGHT** as a result of her request for FMLA leave, which stemmed from her serious health condition/disability, and which violated the Defendant's own policy.

17.     The Defendant's tangible, adverse employment actions were causally connected to **KNIGHT**'s serious health condition/disability and need for FMLA leave.

18.     The Defendant intentionally and systematically discriminated against **KNIGHT** by using her serious health condition/disability and need for FMLA leave as the substantial or motivating factor in the Defendant's decision not to continue **KNIGHT**'s employment and terminating her.

19.     The Defendant terminated **KNIGHT** as a direct result of her request and need for medical leave, which also should have been allowed under the FMLA.

20.     The Defendant's decision to terminate **KNIGHT**'s employment violated her rights under the FMLA.

## COUNT I – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")-INTERFERENCE

21.     The Plaintiff hereby incorporates by reference Paragraphs 1-20 in this Count by reference as though fully set forth below.

22.     **KNIGHT** qualified for FMLA leave under 29 U.S.C. § 2611(11); 29 CFR §§ 825.113(a); 825.800 since she herself began suffering from a serious health condition, had worked for more than 1,250 hours in the previous 12 months, the FMLA defining a serious health condition as an illness, injury, impairment, or physical or mental condition that involves treatment by a health care provider.

23.     **KNIGHT** informed the Defendant of her likely need for leave for her own serious health condition.

3

24.     The Defendant was responsible for designating leave as FMLA-qualifying and for giving notice of the designation within five business days, absent extenuating circumstances, after it has enough information to make that determination, such as when it receives medical certification.

25.     If the Defendant were to have decided that **KNIGHT**'s absence was not FMLA-qualifying, it must have notified her of this fact in the Designation Notice under 29 CFR § 825.300(d)(1).

26.     The Defendant has never provided **KNIGHT** with any notice disqualifying her FMLA leave.

27.     In fact, the Defendant should have determined that **KNIGHT** was eligible for leave under the FMLA and yet refused to allow her leave and return her to work, thus terminating her employment because of her request for federally protected medical leave.

28.     **KNIGHT** engaged in activity protected by the FMLA when she requested leave due to her a serious health condition, consistently informing the Defendant of the same.

29.     The Defendant knew, or should have known, that **KNIGHT** was exercising her rights under the FMLA and was aware of **KNIGHT'** need for FMLA-protected absence.

30.     **KNIGHT** complied with all of the notice and due diligence requirements of the FMLA.

31.     The Defendant was obligated, but failed, to allow **KNIGHT** to take FMLA leave and to return **KNIGHT**, an employee who requested and took FMLA leave, to her former position or an equivalent position with the same pay, benefits, and working conditions when she tried to return to work under 29 U.S.C. § 2614(a)(1); 29 CFR § 825.215(a).

32.     A causal connection exists between **KNIGHT**' request for FMLA-protected leave and her termination from employment with the Defendant because the Defendant denied **KNIGHT** a benefit to which she was entitled under the FMLA.

33.     As a result of the above-described violations of FMLA, **KNIGHT** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

WHEREFORE, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## COUNT II – VIOLATION OF THE FAMILY MEDICAL LEAVE ACT ("FMLA")- RETALIATION

34.     The Plaintiff hereby incorporates by reference Paragraphs 1-20 and 22-32 in this Count by reference as though fully set forth below.

35.     **KNIGHT** informed the Defendant of her likely need for leave for her own serious health condition.

36.     **KNIGHT** engaged in activity protected by the FMLA when she requested leave due to her serious health condition and reinstatement, consistently informing the Defendant of the same.

37.     The Defendant knew, or should have known, that **KNIGHT** was exercising her rights under the FMLA and was aware of **KNIGHT**'s need for FMLA-protected absence.

38.     A causal connection exists between **KNIGHT**' request for FMLA-protected leave and her termination from employment with the Defendant because **KNIGHT** engaged in statutorily protected activity by requesting FMLA leave and requesting reinstatement.

39.     The Defendant retaliated by altering the terms and conditions of **KNIGHT**'s employment by refusing to return her to work, thereby terminating **KNIGHT**'s employment because she engaged in the statutorily protected activity of requesting FMLA leave and reinstatement. The Defendant refused to return **KNIGHT** to work because **KNIGHT** requested and took FMLA leave and terminated her because she engaged in this statutorily protected activity.

40.     The Defendant engaged in willful and intentional retaliation in violation of the FMLA by terminating **KNIGHT**'s employment because she engaged in activity protected by the FMLA.

41.     As a result of the above-described violations of FMLA, **KNIGHT** has been damaged by the Defendant in the nature of lost wages, salary, employment benefits and other compensation and is therefore entitled to recover actual monetary losses, interest at the prevailing rate and liquidated damages.

**WHEREFORE**, Plaintiff requests trial by jury of all issues so triable as of right, an award of damages for lost wages and benefits, prejudgment interest, and liquidated damages under 29 U.S.C. § 2617(a)(1)(A), reinstatement or such other legal or equitable relief as may be appropriate, and an award of reasonable attorney's fees and costs as authorized under 29 U.S.C. § 2617(3), and any other such damages as this honorable Court deems just.

## DEMAND FOR JURY TRIAL

NOW COMES the Plaintiff, **PATRICIA KNIGHT**, by and through her undersigned attorney, and demands a jury trial under Federal Rule of Civil Procedure 38 on all issues triable of right by a jury in this action.

Respectfully submitted,


Dated: July 18, 2019

**/s/ Benjamin H. Yormak**
Benjamin H. Yormak
Florida Bar Number 71272
Trial Counsel for Plaintiff
Yormak Employment & Disability Law
9990 Coconut Road
Bonita Springs, Florida 34135
Telephone: (239) 985-9691
Fax: (239) 288-2534
Email: byormak@yormaklaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on July 18, 2019, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system. I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants: None.

**s/ Benjamin H. Yormak**
Benjamin H. Yormak